# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| R&B RECEIVABLES MANAGEMENT, CORP., d/b/a R&B SOLUTIONS, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, JULIA DREIER, CENTERS FOR MEDICARE & MEDICAID SERVICES DIRECTOR, CONSUMER SERVICES DIVISION, CONSUMER SUPPORT GROUP, and JOHN DOES 1-5, <br><br> Defendants. | Case No. 15 C 8109 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

R&B Receivables Management Corp. (R&B) alleges that the Department of Health and Human Services Centers for Medicare & Medicaid Services and their employees, Julia Dreier and several John Does, wrongfully denied R&B access to grant funds it had been awarded through the Navigator program under the Affordable Care Act (ACA). R&B alleges this denial violated its rights under the Fifth Amendment's Due Process and Takings Clauses, and it also challenges the denial under the Administrative Procedures Act (APA). R&B seeks to recover compensatory damages for the constitutional rights violations, and it seeks declaratory and injunctive relief under the APA

Gian Johnson, the current acting director of the Consumer Support Group at

CMS, has been substituted for Dreier as a defendant on the official-capacity claim. Defs.' Mem. in Supp. of Mot. to Dismiss 1 n.1. The defendants have moved to dismiss R&B's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court dismisses certain claims but not others for the reasons stated below.

**Background**

R&B is an Illinois corporation that helps uninsured and underinsured individuals apply for Medicaid and other healthcare options. In 2013, R&B applied to participate in the Navigator program established by the ACA. This program requires state healthcare exchanges to award grants to selected participants who will educate the public about qualified health plans under the ACA and facilitate enrollment in such plans. The ACA provides some eligibility standards for navigators and otherwise directs the Secretary of the Department of Health and Human Services (DHHS) to establish standards. The funds for grants under this program come from the exchanges' operational funds and not from federal funds provided to establish the exchanges. The Centers for Medicaid and Medicare Services (CMS) implement and oversee the Navigator program.

At the time of R&B's navigator application in 2013, the company was in Chapter 11 reorganization, having filed for bankruptcy in 2012. The grant application did not request information about bankruptcy, and R&B did not provide it. CMS awarded R&B $104,520 to conduct navigator activities in Wisconsin. The terms and conditions of the award included a provision that required R&B to notify CMS within five days should it enter into bankruptcy. The state of Wisconsin required an additional application to receive a navigator license. This application included questions regarding bankruptcy. R&B provided this information and then notified CMS of its bankruptcy status.

2

According to R&B, CMS indicated that as long as R&B reported it to Wisconsin and the State approved its licensing, the bankruptcy would not present a problem. R&B received a license from Wisconsin and provided navigator services for the 2013-14 grant period.

In 2014, R&B again applied for the Navigator program, this time to provide services in Illinois, Iowa, Indiana, North Carolina, and Wisconsin. At this time, R&B was still in Chapter 11 reorganization proceedings. R&B was awarded a grant to serve as a navigator in Illinois, Iowa, Indiana, and North Carolina. R&B was included on the list of grant recipients published online on September 8, 2014.

On September 12, Julia Dreier, the director of the Navigator Program at CMS, advised R&B that to keep its grant, it would need to provide proof that it had exited bankruptcy. R&B provided Dreier with a copy of a court order approving a reorganization plan and ending R&B's court supervision. On September 15, Dreier notified R&B that it would no longer receive a 2014-15 grant. Dreier claimed that R&B violated the terms and conditions of its 2013 grant by failing to notify CMS within five days that it had entered into bankruptcy. Dreier cited this violation and CMS's concern with R&B's financial stability as the reasons for the grant revocation.

R&B says that it entered bankruptcy in 2012—not in 2014—and therefore did not violate the terms of its 2013 grant. It brought suit against CMS and Dreier (now substituted by Johnson) and several "John Does" in their individual and official capacities. R&B alleges that CMS's revocation of its 2014 award violated its right to due process under the Fifth Amendment, constituted a taking without just compensation, and is subject to challenge under the APA. The defendants argue that the Court of

Federal Claims has exclusive jurisdiction over these claims and, in the alternative, that R&B has failed to state any viable claim.

## Discussion

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the complaint's well-pleaded facts as true and draws reasonable inferences in favor of the plaintiff. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). The plaintiff is required to allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint does not need detailed factual allegations but must raise the claim above a speculative level. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016).

### A. Claims 1 and 3

The Court begins with R&B's due process claim (claim 1) and its "inalienable rights" claim (claim 3). The latter claim does not cite any statute or constitutional provision, and it appears to be coextensive with R&B's due process claim. In its response to defendants' motion, R&B requests leave to amend its complaint to include a Fourteenth Amendment due process claim, which tends to confirm that the claim is coextensive with the Fifth Amendment claim asserted in claim 1. The Court will assess claim 3 as if it were a due process claim. R&B also requests leave to add DHHS Secretary Burwell as a named party. This amendment would not impact the Court's analysis.

#### 1. Tucker Act

The government first argues that R&B's claims belong exclusively in the Court of

Federal Claims.  In order for any court to exercise jurisdiction over a suit against the federal government, the United States must provide a clear waiver of sovereign immunity.  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).  The Tucker Act, 28 U.S.C. § 1491(a)(1), waives sovereign immunity for any claim against the United States for money damages exceeding $10,000 that is founded upon either the Constitution, an Act of Congress or a regulation of an executive department, or an express or implied contract with the United States.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("[W]e conclude that by giving the Court of Claims jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims.").

The Court of Federal Claims has exclusive jurisdiction over cases that fall under the Tucker Act.  *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (plurality opinion); *see also Clark v. United States*, 691 F.2d 837, 840 & n.3 (7th Cir. 1982).  A claim falls under the Tucker Act only when the statute or provision under which the claim is brought "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *White Mountain*, 537 U.S. at 472.

In claims 1 and 3, R&B alleges that the defendants violated its due process rights when CMS—through its employees—revoked the 2014 grant award.  The Federal Circuit, which has exclusive jurisdiction over appeals of decisions by the Court of Federal Claims, 28 U.S.C. § 1295(a)(3), has made it clear that neither the Fifth nor the Fourteenth Amendments mandate compensation, and therefore cases against the government under these provisions do not belong in the Court of Federal Claims.  *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled

5

that the Due Process clauses of both the Fifth and the Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *Acadia Techs., Inc. v. United States*, 458 F.3d 1327, 1334 (Fed. Cir. 2006); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998). Further, Fourteenth Amendment due process claims are available only against a state government and are not "against the United States." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007). Thus R&B has no viable Fourteenth Amendment due process claim.

The government argues that this action is essentially a contract dispute between R&B and the government, citing *Suburban Mortgage Associates, Inc. v. U.S. Department of Housing and Urban Development*, 480 F.3d 1116 (Fed. Cir. 2007). Defs.' Mem. in Supp. of Mot. to Dismiss 4–5. Were this the case, it would put these claims squarely within the Tucker Act and therefore within the exclusive jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1). But R&B does not state any breach of contract claims in its complaint; claims 1 and 3 allege only due process violations. Although the court in *Suburban Mortgage Associates* dismissed a due process claim after concluding that it was essentially a contract claim, R&B's claim is notably different. In *Suburban Mortgage Associates*, the plaintiff alleged a due process violation based on the government's failure to accept assignment of a loan according to an agreement between the parties. *Suburban Mortg. Assocs.*, 480 F.3d at 1118. The plaintiff requested a declaratory judgment to the effect that the government was bound by its obligations under the loan agreement. *Id.* at 1119. Here, R&B alleges that the government violated its due process rights when it took inappropriate factors into account in withdrawing its 2014 navigator grant. Compl. ¶¶ 60–72. The claim in

*Suburban Mortgage Associates* was essentially that the government violated due process by not complying with a contract; R&B's due process claim is not based on such a contract. When confronted with standard due process claims, the rule in the Federal Circuit is that the Court of Federal Claims lacks jurisdiction. *See, e.g., Smith*, 709 F.3d at 1116.

R&B's Fifth Amendment due process claim is therefore properly before this Court. *See Nie v. United States*, 124 Fed. Cl. 334, 342 (Fed. Cl. 2015) ("Due process claims must be heard in District Court.") (internal quotations omitted); *Kortlander v. United States*, 107 Fed. Cl. 357, 369 (Fed. Cl. 2012).

### 2. **Sovereign Immunity**

Because R&B's due process claim does not fall under the Tucker Act, R&B must point to a separate waiver of sovereign immunity in order to avoid dismissal. *See White Mountain*, 537 U.S. at 472. R&B brings its claim against CMS and its employees in their official and individual capacities. Compl. ¶ 3. The United States has not waived its sovereign immunity for constitutional claims for damages brought against the United States and its employees in their official capacities. *See Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) ("No statute waives the sovereign immunity of the United States [ ] with respect to . . . constitutional claims generally.") (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)). R&B has not identified any other statute that waives such immunity. The Court therefore dismisses claims 1 and 3 against CMS and the official-capacity claims against Dreier/Johnson and the John Doe defendants.

To the extent that R&B wishes to sue Dreier or any other federal employee in their individual capacities, R&B must properly serve those defendants with process.

The only named individual defendant at this point is Dreier.[1] At the time R&B filed this suit, Federal Rule of Civil Procedure 4(m) required the plaintiff to serve each defendant within 120 days after filing the complaint. Should R&B wish to pursue its suit against Dreier in her individual capacity, R&B must move for additional time to obtain service. If Dreier is properly brought into the case, R&B's claim against her for damages would not be subject to dismissal on sovereign immunity grounds. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971) (permitting a claim for damages against federal officers in their individual capacities for constitutional violations).

**B.     Claim 2**

R&B's second claim is a claim for just compensation under the Takings Clause of the Fifth Amendment. "[A] claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance, unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute." *Horne v. U.S. Dep't of Agriculture*, 133 S. Ct. 2053, 2062 (2013) (citation omitted). To determine whether Congress has withdrawn jurisdiction, the court looks at the purpose of the statute, the entirety of its text, and the structure of review that it establishes. *Id.* at 2062–63 (internal quotations omitted). R&B has not argued that Congress withdrew the Tucker Act grant of jurisdiction in the ACA. The Court therefore dismisses claim 2.

---

[1] To the extent that R&B is suing Dreier in her individual capacity, it would appear that she, not her successor Johnson, is the proper defendant. The Court will address this with counsel at the next status hearing.

8

**D.    Claim 4**

    **1.    Court of Federal Claims**

In claim 4, R&B asserts a claim under the APA. The APA permits a person "adversely affected or aggrieved by agency action" to seek judicial review when seeking relief other than money damages. 5 U.S.C. § 702. This statute waives sovereign immunity for such claims and allows them to proceed in district court. *Columbus Reg'l Hosp. v. FEMA*, 708 F.3d 893, 896 (7th Cir. 2013). Claims for money damages, however, must be brought in the Court of Federal Claims; the APA waives sovereign immunity only for a suit "seeking relief other than money damages." *Id.*; *see* 5 U.S.C. § 702. Therefore, to the extent that R&B requests relief via claim 4 in the form of damages under the APA, that request is stricken.

R&B also requests declaratory and injunctive relief. The Supreme Court has held that claims brought under the APA seeking declaratory and injunctive relief are clearly not actions for money damages and therefore belong in district court, even when the requested injunction or declaratory judgment would result in payment. *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988). In *Bowen*, Massachusetts brought claims against DHHS based on its refusal to reimburse the State for Medicaid expenditures. *Id.* at 882. The State asked the Court to set aside this "disallowance" and enjoin DHHS from refusing to reimburse it for the expenses for the reasons that DHHS originally gave. *Id.* at 887 & n.10. The Court held that neither of these requests was for "money damages," despite the fact that the equitable order might require DHHS to pay the State. *Id.* at 893, 909–10. Instead, they were requests for specific relief. *Id.* at 910.

R&B is likewise requesting specific relief under the APA. Specifically, R&B seeks

9

a declaratory judgment that CMS's revocation of the grant violated the law and an injunction preventing CMS from using similar reasons to deny R&B's future applications. Compl. ¶ 2. These requests are clearly equitable in nature. And as in *Bowen*, the fact that this sort of equitable remedy might lead to payment from CMS to R&B does not make R&B's request one for money damages. *See Bowen*, 487 U.S. at 893. A request for money damages seeks compensation for losses, which is distinct from claiming an entitlement to funds. *See id.* at 901. Even to the extent that R&B's claims an entitlement to the revoked grant, R&B is not seeking via its request for equitable relief money "in *compensation* for the damage sustained by the failure of the Federal Government to pay." *See id.* at 900. R&B is claiming funds as the very thing to which it is entitled under CMS's own rules. *See Columbus*, 708 F.3d at 896 ("[S]pecific remedies even if financial are not substitute remedies at all, but attempts to give the plaintiff the very thing to which he was entitled.") (citing *Bowen*, 487 U.S. at 895). The Seventh Circuit has further emphasized that a request for "money as the entitlement under a grant program" does not qualify as "money damages" and is therefore not relegated to the Federal Court of Claims. *Columbus*, 708 F.3d at 896–97. R&B's request for declaratory and injunctive relief is for a specific remedy—not money damages—and therefore can be brought in district court under the APA.

### 2. Restrictions in the APA

The government makes two additional arguments for dismissal of R&B's APA claim: R&B has an adequate alternative remedy in the Court of Federal Claims, and the Court cannot review CMS's conduct under the APA because its actions were

discretionary.²

### a. Adequate Remedy

The APA permits judicial review of an agency decision only when there is "no other adequate remedy in a court." *Sackett v. EPA*, 132 S. Ct. 1367, 1372 (2012) (citing 5 U.S.C. § 704). The government contends that there is an alternative adequate remedy because R&B could bring this suit as a request for money damages in the Court of Federal Claims. The Supreme Court rejected this argument in *Bowen*, concluding that "the remedy available to the State in the Claims Court [was] plainly not the kind of special and adequate review procedure that [would] oust a district court of its normal jurisdiction under the APA." *Bowen*, 487 U.S. at 904. The Court emphasized that the Court of Federal Claims does not have the power to grant prospective equitable relief. *Id.* at 905. This is particularly relevant in cases—like this one—where the plaintiff seeks relief that would require the government to modify future practices. *See id.*

R&B requests a declaratory judgment that its 2014 grant was wrongfully revoked and an injunction requiring CMS to reconsider its most recent application. The Court of Federal Claims cannot grant these types of relief. *See Bowen*, 487 U.S. at 905. Even if the Court of Claims could award a damages payment for the value of the grant, this would not entirely redress the harms alleged by R&B. R&B claims that CMS denied its navigator application based on an incorrect finding that R&B had violated the terms of a prior grant agreement and other inappropriate political considerations. R&B seeks a declaratory judgment that these bases for revocation were invalid, which would prevent

---

² The government also argued in its original motion that R&B failed to identify a statute that grants the Court subject matter jurisdiction over R&B's APA claim. The government later withdrew this argument, so the Court need not address it. *See* Defs.' Reply Br. at 5.

11

CMS from using these reasons to deny R&B's grant applications in the future. In light of the potential ongoing interaction between R&B and the government, a "naked money judgment" delivered by the Court of Federal Claims is unlikely to be an adequate substitute. *See Bowen*, 487 U.S. at 879.

Further, the government contends that "R&B cannot state a Tucker Act claim in the Court of Federal Claims, either." Defs.' Mem. in Supp. of Mot. to Dismiss at 4 n.5. The government argues that the 2014 grant award did not create a contract because there was no offer and acceptance and thus that there is no contract claim R&B can bring that falls within the Tucker Act. *Id.* The government defeats its own position. It cannot argue on the one hand that this Court must dismiss R&B's claims because it can bring a contract action in the Court of Federal Claims, and on the other hand that it cannot assert such a claim. The Court concludes that R&B's claim is not barred by 5 U.S.C. § 704.

### b. Discretion

The APA provides that a reviewing court shall set aside agency action or findings that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). There is an exception, however, when action has been "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see also Lalani v. Perryman*, 105 F.3d 334, 337 (7th Cir. 1997). A court cannot review agency action if the relevant statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Lalani*, 105 F.3d at 337 (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

The Navigator program was established by the ACA, which provides that "[t]he

Secretary shall establish standards for navigators." 42 U.S.C. § 18031(i)(4)(A).  Federal regulations require each exchange to develop its own set of standards for navigator grant recipients.  45 C.F.R. § 155.210(b)(1).  These regulations also provide minimum eligibility requirements for recipients.  45 C.F.R. § 155.210(c)(1).  The government argues that these provisions commit recipient decisions to agency discretion, putting them beyond review by a court.

What R&B contends, however, is that CMS failed to adhere to its own regulations when revoking R&B's grant.  More specifically, R&B argues that it did not commit the violation CMS claims and therefore CMS had no legitimate basis to revoke the grant. R&B also contends that CMS's decision was "infected" with improper political considerations.  Compl. ¶ 21.  R&B essentially claims that CMS failed to follow its own rules, and it is these rules that provide a standard.  *See Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency*, 46 F.3d 629, 633 (7th Cir. 1995) ("An agency's failure to follow its own regulations has traditionally been recognized as reviewable under the APA.").

Taking all facts and inferences in the light most favorable to R&B, the Court cannot say that there is "no meaningful standard" against which a court can judge CMS's decision to revoke R&B's 2014 grant award.  The Court therefore declines to dismiss Claim 4.

### Conclusion

For the foregoing reasons, the Court grants the defendants' motion to dismiss in part and denies the motion to dismiss in part [dkt. no. 10].  The Court:  (a) dismisses claims 1 and 3 as against CMS and the named individuals in their official capacities but

Secretary shall establish standards for navigators." 42 U.S.C. § 18031(i)(4)(A).  Federal regulations require each exchange to develop its own set of standards for navigator grant recipients.  45 C.F.R. § 155.210(b)(1).  These regulations also provide minimum eligibility requirements for recipients.  45 C.F.R. § 155.210(c)(1).  The government argues that these provisions commit recipient decisions to agency discretion, putting them beyond review by a court.

What R&B contends, however, is that CMS failed to adhere to its own regulations when revoking R&B's grant.  More specifically, R&B argues that it did not commit the violation CMS claims and therefore CMS had no legitimate basis to revoke the grant. R&B also contends that CMS's decision was "infected" with improper political considerations.  Compl. ¶ 21.  R&B essentially claims that CMS failed to follow its own rules, and it is these rules that provide a standard.  *See Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency*, 46 F.3d 629, 633 (7th Cir. 1995) ("An agency's failure to follow its own regulations has traditionally been recognized as reviewable under the APA.").

Taking all facts and inferences in the light most favorable to R&B, the Court cannot say that there is "no meaningful standard" against which a court can judge CMS's decision to revoke R&B's 2014 grant award.  The Court therefore declines to dismiss Claim 4.

### Conclusion

For the foregoing reasons, the Court grants the defendants' motion to dismiss in part and denies the motion to dismiss in part [dkt. no. 10].  The Court:  (a) dismisses claims 1 and 3 as against CMS and the named individuals in their official capacities but

denies the motion to dismiss those claims against defendant Dreier in her individual capacity; (b) dismisses claim 2; and (c) declines to dismiss claim 4 insofar as it requests declaratory and injunctive relief, but strikes from that claim the request for compensatory damages. The case is set for a status hearing on September 29, 2016 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 23, 2016