# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| R&B RECEIVABLES MANAGEMENT CORP. d/b/a R&B SOLUTIONS, ) ) ) Plaintiff, ) ) vs. ) ) UNITED STATES DEPARTMENT ) OF HEALTH AND HUMAN SERVICES, ) ) Defendant. ) | Case No. 15 C 8109 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

R&B Receivables Management Corp. (R&B), which operates under the name R&B Solutions, has sued the U.S. Department of Health and Human Services (HHS), alleging that it violated the Administrative Procedure Act (APA) in declining to award R&B a 2014-2015 health insurance marketplace Navigator grant after issuing a press release naming R&B as an awardee. R&B alleges that HHS's last-minute decision not to award it a 2014-2015 grant was improperly influenced by negative press coverage and that the decision was arbitrary and capricious, contrary to law, and in excess of the agency's statutory authority. Both parties have moved for summary judgment. For the reasons stated below, the Court denies R&B's motion for summary judgment and grants HHS's motion.

## Background

All health insurance marketplaces (also known as exchanges) set up under the

Affordable Care Act are required to establish a "Navigator program."  42 U.S.C. § 18031(d)(4)(K).  Under this program, entities that have "existing relationships, or could readily establish relationships, with employers and employees, consumers (including uninsured and underinsured consumers), or self-employed individuals likely to be qualified to enroll in a qualified health plan" may apply for a grant to help people enroll in health plans offered on the exchanges and carry out a number of related outreach activities.  *Id.* § 18031(i)(2)(A); *Id.* § 18031(i)(3).  For federally-facilitated—as opposed to state-run—exchanges, HHS's Centers for Medicare and Medicaid Services (CMS) is tasked with awarding Navigator program grants.

As explained in CMS's 2014 Funding Opportunity Announcement (FOA), eligible grant applications are reviewed by a panel and assigned a raw score out of 200 points according to an evaluation rubric designed to measure applicants' ability to address the requirements of the FOA.  Applications are ranked by score and selected by HHS program officials based on the following factors:

> the regulatory requirement that there be at least two types of Navigators in each Marketplace and that one of these Navigators be a community and consumer-focused nonprofit; populations the applicant expects to serve; ranking of the applicant based upon recommendations of the review panel; reviews for programmatic and grants management compliance, to include performance under a current Navigator award; pre-award business review; the reasonableness of the estimated cost to the government and anticipated results; and the likelihood the proposed cost will result in the benefits expected.

Admin. R. 42.  An applicant's performance under an award includes its compliance with the terms and conditions of the award.  The pre-award business review involves a determination of "the adequacy of the applicant's financial and business management capabilities that will support the expenditure of and accountability for CMS funds."  *Id.* at

19. The FOA further states that successful applicants will receive a Notice of Award signed and dated by the HHS Grants Management Officer; the Notice of Award "is the document authorizing the grant award"; and "[a]ny communication between HHS and applicants prior to issuance of the [Notice of Award] is not an authorization to begin performance of a project." *Id.* at 42.

R&B is an Illinois corporation that was formed in 1994 to assist uninsured and underinsured individuals with the Medicaid enrollment process. R&B filed for Chapter 11 bankruptcy in 2012. In 2013, R&B applied for—and was awarded—a grant to operate as a Navigator in Wisconsin for the 2013-2014 award year. The grant application did not request information about bankruptcy, and R&B did not volunteer any information about its bankruptcy status. R&B contends that it disclosed its bankruptcy status to CMS after being awarded the 2013-2014 grant and that CMS "had no issue with it." Am. Compl. ¶ 24. An October 2013 WisconsinWatch.org article about Navigator program delays in Wisconsin reported that R&B had filed for bankruptcy and was in the process of reorganization. The article also quoted a CMS spokesperson, who said that R&B was "a grantee in good standing" that was working to get state certification to begin its operations as a Navigator. Am. Compl., Ex. 7, at 3.

In 2014, R&B applied for a larger Navigator grant; in addition to continuing to serve as a Navigator in Wisconsin, R&B proposed to expand to Illinois, Iowa, Indiana, and North Carolina for the 2014-2015 grant period. Once again, the grant application did not request, and R&B did not provide, information about bankruptcy. R&B's 2014-2015 award application received a score of 176.67 out of 200. On September 8, 2014, before sending out the official Notices of Awards, HHS issued a press release

announcing the award of $60 million in 2014-2015 Navigator grants. State-specific press releases issued the same day announced that R&B had been awarded 2014-2015 Navigator grants for Illinois, Indiana, Iowa, and North Carolina.

CMS learned shortly thereafter that a reporter from The News & Observer, a Raleigh, North Carolina-based publication, was pursuing a story about CMS awarding R&B a 2014-2015 Navigator grant for North Carolina despite the fact that R&B was in bankruptcy proceedings. The article, which was published online on September 8 or 9, 2014, criticized CMS's decision to award a Navigator grant to R&B, which it noted was not only an out-of-state company, but also in the middle of a bankruptcy reorganization. Upon learning of the story, Julia Dreier—who was the director of the Navigator Program at CMS at the time—notified Michelle Feagins, the Deputy Director of the Division of Grants Management in CMS's Office of Acquisition and Grants Management. Dreier stated the following in her e-mail to Feagins:

> There is evidently a pending news story about R&B Solutions being in the middle of a bankruptcy proceeding. One, I'd appreciate any feedback you might have in terms of responding to a potential story on this. Two, I wanted to make sure you were aware as you go into budget conversations with them. I'm not sure what sorts of protections federal grant funds may have if an organization files for bankruptcy or if we should consider pulling this grantee from the list (assuming this allegation is true).

Admin. R. at 562. On September 11, 2014, Dreier e-mailed Feagins again to confirm that R&B had, in fact, filed for bankruptcy. Feagins responded, "[b]ased on our findings, R&B does not have the organizational and financial stability to receive an award. Please proceed with replacing [the] grantee with the next qualified applicant(s)." *Id.* at 582.

On September 12, 2014, Dreier contacted R&B's president, Dennis Brebner, for

4

additional information regarding R&B's bankruptcy before finalizing the 2014-2015 Navigator grant awards. Brebner provided CMS with a copy of a May 2014 bankruptcy court order confirming R&B's first amended plan of reorganization, which had been filed on March 21, 2014.

The terms and conditions of R&B's 2013-2014 Navigator grant included the following requirement:

> In the event Recipient . . . enters into proceedings relating to bankruptcy, whether voluntary or involuntary, Recipient agrees to provide written notice of the bankruptcy to the CMS Grants Management Specialist and CMS PO. This written notice shall be furnished within five (5) days of the initiation of the proceedings relating to bankruptcy filing . . . .

*Id.* at 1083. After consulting other CMS officials, Dreier determined that R&B violated this term by failing to notify CMS that it filed a bankruptcy reorganization plan in March 2014. On September 15, 2014, CMS sent a letter to Brebner informing him of the decision not to award R&B a Navigator grant for the 2014-2015 grant year. The letter explained that CMS continued to have concerns regarding R&B's financial and organizational stability after reviewing the May 2014 bankruptcy court order approving the plan of reorganization. The letter also stated that R&B violated the terms and conditions of its 2013 grant award when it failed to notify CMS in writing within five days of filing its first amended plan of reorganization with the bankruptcy court. In light of these concerns, CMS said, it would not be awarding R&B a 2014-2015 grant.

R&B filed suit against HHS in September 2015, and in April 2016, R&B amended its complaint to add Dreier and five "John Does" as defendants. The amended complaint alleged violations of the Due Process Clause, the Takings Clause, and the APA, as well as an "inalienable rights" violation arising out of HHS's last-minute decision

not to award R&B a 2014-2015 Navigator grant.  The Court has dismissed all of R&B's claims with the exception of its claim against HHS for injunctive and declaratory relief under the APA.[1]  *See R&B Receivables Mgmt., Corp. v. U.S. Dep't of Health & Human Servs.*, No. 15 C 8109, 2017 WL 3034668, at *4 (N.D. Ill. July 18, 2017) (dismissing all remaining claims against Dreier for lack of personal jurisdiction); *R&B Receivables Mgmt., Corp. v. U.S. Dep't of Health & Human Servs.*, 2016 WL 5341811, at *6 (dismissing the Takings Clause claim in its entirety, dismissing the due process and "inalienable rights" claims as against CMS and the named individuals in their official capacities but not as against Dreier in her individual capacity, and declining to dismiss the APA claim insofar as it requests declaratory and injunctive relief).

     R&B has moved for summary judgment on its remaining APA claim.  In a three-paragraph motion, R&B argues that it did not violate the terms of the 2013-2014 grant, which required grantees to notify CMS only upon "entering into" bankruptcy proceedings, because R&B filed for bankruptcy in 2012, before it became a Navigator grantee.  R&B also appears to contend that CMS failed to follow the additional regulatory requirements pertaining to the imposition of special conditions on grantees.  *See* 45 C.F.R. § 74.14 (2014).[2]  Without further legal or factual development, R&B contends that HHS's "withdrawal" of R&B's 2014-2015 Navigator grant must be set

---

[1] The Court treated R&B's "inalienable rights" claim, which did not cite any statute or constitutional provision, as a due process claim.  *See R&B Receivables Mgmt., Corp. v. United States Dep't of Health & Human Servs.*, No. 15 C 8109, 2016 WL 5341811, at *2 (N.D. Ill. Sept. 23, 2016).

[2] HHS replaced the regulations found at 45 C.F.R. Part 74 with the Uniform Administrative Requirements, Cost Principles, and Audit Requirements for HHS Awards, 45 C.F.R. Part 75, effective December 26, 2014.  *See* 79 Fed. Reg. 75871-01, 75889 (2014).

aside because the agency acted arbitrarily and capriciously and exceeded its statutory authority in effectively singling R&B out for additional selection requirements after it and CMS became the subject of critical news coverage in North Carolina. R&B did not file a memorandum in support of its summary judgment motion.

HHS has cross-moved for summary judgment. HHS argues that R&B has provided no factual or legal support for its own motion for summary judgment and that it has failed to meet its burden to show that CMS's decision not to award the company a 2014-2015 Navigator grant was arbitrary or capricious or otherwise contrary to law. R&B did not file a response to the cross-motion for summary judgment within the time set by the Court and did not seek an extension of time.

**Discussion**

Summary judgment is warranted if the moving party demonstrates that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On cross-motions for summary judgment, the Court construes the facts and draws reasonable inferences "in favor of the party against whom the motion under consideration was filed." *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017) (citation omitted). It is well established that the non-moving party may not rest on its pleadings when responding to a motion for summary judgment. *Grant v. Trs. of Indiana Univ.*, 870 F.3d 562, 569 n.3 (7th Cir. 2017). "A plaintiff must meet a motion for summary judgment with evidentiary materials that show there is a genuine issue for trial." *Estate of Simpson v. Gorbett*, 863 F.3d

740, 745 (7th Cir. 2017).

Under the APA, agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory . . . authority" must be set aside. 5 U.S.C. § 706(2)(A), (C). In reviewing an agency decision under the APA, courts ask whether the agency

> has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise

*Zero Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654, 668 (7th Cir. 2016) (quoting *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007)). The reviewing court will carefully consider "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Sierra Club v. Marita*, 46 F.3d 606, 619 (7th Cir. 1995) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416 (1971)). Nonetheless, the scope of review under the APA is narrow; "a court is not to substitute its judgment for that of the agency." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (citation omitted). The party challenging the agency action bears the burden of proving a violation of the APA's standards. *Sierra Club*, 46 F.3d at 619.

As previously noted, R&B's motion for summary judgment consists of three paragraphs (less than two double-spaced pages). In this motion, R&B argues that it did not violate the 2013-2014 grant term requiring awardees to notify CMS upon "entering into" bankruptcy proceedings, because it filed for bankruptcy well before it was awarded the Navigator grant in question. R&B also contends, without elaboration, that CMS

8

failed to follow 45 C.F.R. § 74.14, which at the time governed the imposition of special conditions on grantees. *See* 45 C.F.R. § 74.14 (2014). In conclusion, R&B merely cites the relevant standards under the APA, 5 U.S.C. § 706, and requests (1) "[a] declaratory judgment that the defendants' [sic] withdrawal of the grant was without statutory authority, and compelling defendants to award the navigator grant to which plaintiff is entitled"; (2) "[a] permanent injunction preventing CMS from using the reasons of the prior bankruptcy to deny the plaintiff's future applications;" (3) attorney's fees and costs, and; (4) any other legal or equitable relief. Pl.'s Mot. for Summ. J. at 2.

This perfunctory motion for summary judgment, which is devoid of any references to the administrative record or legal argument beyond citation to the basic APA standard and a single regulatory provision, falls far short of establishing that "there is no genuine dispute as to any material fact and [R&B] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Even if CMS's determination that R&B violated the terms of the 2013-2014 Navigator grant by failing to notify CMS in writing within five days of filing its amended plan of reorganization with the bankruptcy court was incorrect, R&B fails to challenge CMS's additional reason for denying it a 2014-2015 award: concerns about the company's financial and organizational stability in light of the ongoing bankruptcy proceedings.

HHS argues in its cross-motion for summary judgment that the decision not to award R&B a 2014-2015 Navigator grant was based not only on CMS's belief that R&B had violated the terms of its 2013-2014 grant, but also on concerns regarding the company's financial stability. E-mails between Dreier and other CMS officials confirm that they became uneasy about R&B's financial and organizational stability after

9

learning of the company's bankruptcy status. Admin. R. at 562, 582. After reviewing the bankruptcy court's approval of R&B's plan of reorganization, these officials remained concerned that the order did not establish that R&B had actually completed the reorganization and been discharged from bankruptcy. *Id.* at 642, 759. It was reasonable and entirely permissible for CMS to consider R&B's bankruptcy status as it related to the company's financial stability as part of the pre-award business review, which, as previously noted, involves a determination of "the adequacy of the applicant's financial and business management capabilities that will support the expenditure of and accountability for CMS funds." Admin. R. at 19. This is the case even if the grant application itself did not include a question regarding prior bankruptcy filings and even if some CMS officials were aware of R&B's bankruptcy prior to September 2014, as R&B alleges. Because CMS was entitled to consider R&B's bankruptcy status as part of its pre-award business review, which was a standard component of the 2014-2015 application review process, it was not required to comply with 45 C.F.R. § 74.14; that regulation dealt only with the discretionary imposition of "additional requirements" on certain applicants and grantees. 45 C.F.R. § 74.14 (2014).

Even when the facts are viewed in the light most favorable to R&B and reasonable inferences are drawn in its favor, the Court concludes that CMS's decision not to award the company a 2014-2015 Navigator grant was not arbitrary, capricious, in excess of its statutory authority, or otherwise contrary to law. To the contrary, the record shows that CMS's decision not to award R&B the grant was both reasonable and permissible under the law.

**Conclusion**

For the foregoing reasons, the Court denies plaintiff's motion for summary judgment [dkt. no. 68] and grants defendant's cross-motion for summary judgment [dkt. no. 69]. The Clerk is directed to enter judgment in favor of defendant and against plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 16, 2018